# United States Bankruptcy Court
## District of New Jersey
Mitchell H. Cohen U.S. Courthouse
P.O. Box 2067
Camden, New Jersey   08101

**JUDITH H. WIZMUR**                                                                  (856) 757-5126
U.S. Bankruptcy Judge

April 10, 2013

Christopher John Basner, Esq.
2 Kings Highway West
Suite 205
Haddonfield, New Jersey 08033

Jennifer R. Gorchow, Esq.
Phelan, Hallman & Schmieg, PC
400 Fellowship Road, Suite 100
Mount Laurel, New Jersey 08054

**FILED**
JAMES J. WALDRON, CLERK

April 10, 2013

U.S. BANKRUPTCY COURT
CAMDEN, NJ
BY:  s/ Theresa O'Brien, Judicial
Assistant to Judge Wizmur

   Re: Marvin Santana
      Case No. 12-36802/JHW
      **Letter Opinion**

Dear Counsel:

  This matter involves a request by counsel for Bank of America to impose attorney's fees on debtor's counsel for his conduct in the course of this case as it pertains to the mortgagee.  The record appears to support the imposition of attorney's fees on debtor's counsel.  However, because of the informal nature of the request, and the lack of notice to counsel of the specific bases, both factual and legal, upon which the imposition would rest, I will offer to debtor's counsel an opportunity to respond to the factual and legal recitation below that arises from the version of events documented in the record of this case and from the movant's submissions.

1

This Chapter 13 bankruptcy was filed on November 12, 2012.  The case was dismissed on December 6, 2012, for failure to file schedules, a Chapter 13 plan, and other documents.  Counsel for the debtor filed a motion to reinstate on December 18, 2012, contending that he had trouble with new software in the course of filing and that he could file the missing documents forthwith if the case was reinstated.[1]  The Chapter 13 trustee filed a response to the motion, noting that a certification of service in connection with the motion had not been filed, and that no information was supplied regarding the creditors who were actually served with the motion.

When the debtor's motion to reinstate came on to be heard on January 23, 2013, debtor's counsel failed to appear and the motion was denied.  On the next day, the motion to reinstate was renewed by counsel, with an explanation that he had arrived in court 15 minutes late and had missed the call of the motion.  The matter was relisted for February 27, 2013.  On February 25, 2013, the Bank of America filed an objection to the reinstatement, citing the debtor's pre-petition and post-petition delinquencies in making his mortgage payments.  Counsel for the Bank of America, Jennifer Gorchow, reports that she e-mailed and phoned debtor's counsel, Christopher John Basner, several times prior to the hearing scheduled for February 27, 2013 to discuss the debtor's prospects of curing delinquencies.  She was unable to leave a message by phone because counsel's voicemail box was full.  No response was received

---

[1] No schedules or Chapter 13 plan were ever filed in the case.

2

to her e-mails. Ms. Gorchow finally reached Mr. Basner on the day of the hearing. He advised her that the case was "going nowhere", but that he would appear for the court hearing that day.

When both counsel appeared in court on February 27, 2013, Mr. Basner relayed for the first time to Ms. Gorchow that the debtor had a loan modification with Bank of America in process. It was determined that the matter would be adjourned so that Ms. Gorchow could consult with her client and attempt to resolve the matter. The matter was adjourned to March 13, 2013 at 2:00 p.m.

Thereafter, Ms. Gorchow confirmed that a loan modification had been accomplished. She and her staff attempted several times to e-mail and telephone Mr. Basner. Mr. Basner's voicemail box was always full and could not accept a phone message. No response was received to e-mails.

On March 12, 2013, Ms. Gorchow sent an e-mail to Mr. Basner indicating that she wished to make contact with him to ascertain the status of the motion returnable the following day, but that she was leaving the office at 5:00 p.m. She offered a business cell phone number, and requested that Mr. Basner contact her that evening. Later that evening, Ms. Gorchow received a call from the debtor on her business cell phone, and she informed him that she could not discuss the matter because he was represented by counsel.

Nevertheless, the debtor advised her that he wished to withdraw his motion to reinstate the case. The following day, at 10:59 a.m., Mr. Basner informed the court and Ms. Gorchow by e-mail that his client no longer wished to have his case reinstated and that he would not be in court for the 2:00 p.m. court hearing. In a conversation with Ms. Gorchow that morning, Mr. Basner indicated to her for the first time that he had a conflict with the scheduled hearing that afternoon, and would not be able to make the court appearance to withdraw the matter in person. As well, according to Ms. Gorchow, Mr. Basner criticized her for talking directly with his client, notwithstanding the fact that his client could only have obtained Ms. Gorchow's cell phone number from Mr. Basner. Because the matter had not been formally adjourned in accordance with local rules, Ms. Gorchow appeared in court at 2:00 p.m. to report on the status of the matter. Thereafter, she communicated with the court and Mr. Basner by e-mail, seeking attorney fees for Mr. Basner's conduct in connection with the case.

The matter was scheduled for a telephone conference call on Thursday, March 21, 2013 at 4:00 p.m. to consider Ms. Gorchow's request for attorney's fees. As before, Ms. Gorchow attempted to contact Mr. Basner prior to the call to attempt to resolve the matter, by e-mail, with no response, and by phone, with no ability to leave a message. When the time came for the call, only Ms.

4

Gorchow called in at the scheduled time.[2] Mr. Basner did not call in to the conference call or to chambers directly.[3]

Ms. Gorchow contends that the debtor should not be charged with attorney's fees in this case. Rather, the fees should be borne by counsel for the debtor, who appears to be responsible for the events described. According to Ms. Gorchow, Mr. Basner's failure to communicate with her caused unnecessary court appearances and unnecessary legal resources to be expended on behalf of the mortgagee. Ms. Gorchow reports that while the cost of legal services on an hourly basis rendered in this case, at an hourly rate of

---

[2] On the day of the scheduled conference call, March 21, 2013, this court reached out to both counsel to determine whether the time of the call could be adjusted to an earlier time. No message could be left at Mr. Basner's office, because his voice mailbox was full. Because we did not hear back from Mr. Basner, the scheduled time for the call was left undisturbed.

[3] My staff reached out to Mr. Basner by email at 3:15 p.m. to see if he was available to have the conference call earlier. When there was no response, the call went forward as originally scheduled at 4:00 p.m. At 4:04 p.m., Mr. Basner responded by email that he had just received the court's message. At 4:10 p.m., we again reached out to Mr. Basner by email, provided him again with the telephone conference call dial-in information and directed him to dial-in immediately. When Mr. Basner failed to call in, we again emailed him at 4:16 p.m. directing him to call in. At 4:30 p.m., we received an email from Mr. Basner stating that he had just returned to his office, he was unable to pull up the number from his mobile device and that he would dial in now. He explained that he mistakenly understood that someone would call him to initiate the conference. The conference call ended without Mr. Basner's participation. At 4:46 p.m., Mr. Basner sent an email to chambers stating that he had been on hold for the past 15 minutes and that he just received notification that the conference had ended.

$215, amount to nearly $1,400, the amount actually charged to the mortgagee was $650.00.

The bankruptcy court has the authority to assess sanctions against parties and counsel that appear or practice before the court, pursuant to the court's inherent powers and 11 U.S.C. § 105(a).  See In re Antonelli, No. 11-20255/JHW, 2012 WL 280722, *13-14 (Bankr. D.N.J. Jan. 30, 2012).  In most cases, before a court may use its inherent powers to sanction a party or counsel, it must first find that the party acted in bad faith.  Chambers v. NASCO, Inc., 501 U.S. 32, 50, 111 S. Ct. 2123, 2135, 115 L.Ed.2d 27 (1991) (A federal court may use its "inherent power to impose attorney's fees as a sanction for bad-faith conduct.").  While the Third Circuit has declined to require a finding of bad faith in all cases, stating only that "an award of fees and costs pursuant to the court's inherent authority to control litigation will usually require a finding of bad faith," In re Prudential Ins. Co. America Sales Practice Litigation Agent, 278 F.3d 175, 181 (3d Cir. 2002), the standards for imposing sanctions under the court's inherent power to sanction counsel where no finding of bad faith is made have not been fully articulated.  Id. at n.4.  See also, In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 97 at n.3, and Republic of Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 74 n.11 (3d Cir. 1994).  In this case, while counsel's actions and omissions were dilatory, disrespectful and negligent, they do not appear to rise to the level of bad faith.  Relief under the court's inherent powers is thus not appropriate on this record.

6

Section 105(a), however, does not require a finding of bad faith. It provides the bankruptcy court with the broad authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of Title 11. 11 U.S.C. § 105(a). This authority includes "statutory contempt powers to award monetary damages and other relief as 'necessary and appropriate' to prevent such abuse." In re Mondelli, Civ. No. 12–4659, 2013 WL 1187098, *5 (D.N.J. Mar. 21, 2013) (quoting Hardy v. United States, 97 F.3d 1384, 1389–90 (11th Cir. 1996)). This provision authorizes the court to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Id. Such orders are necessary "'to protect the integrity of the Bankruptcy Code as well as the judicial process,'" In re Arkansas Communities, Inc., 827 F.2d 1219, 1222 (8th Cir. 1987) (quoting In re Silver, 46 B.R. 772, 774 (D.Colo. 1985)), and to enable bankruptcy courts "to maintain control of their courtrooms and of their dockets." In re Volpert, 110 F.3d 494, 501 (7th Cir. 1997). As is relevant here, the scope of court orders or rules that may be enforced includes the relevant Rules of Professional Conduct governing attorney conduct under state law. See In re Smith, No. 12–11603, 2013 WL 1092059 (Bankr. E.D.Tenn. Jan. 30, 2013) (imposing sanctions for ethical violations); In re McDermitt, No. 05-11710, 2006 WL 1582390, *4 (Bankr. D.Vt. May 30, 2006).

The Rules of Professional Conduct, as promulgated by the New Jersey Supreme Court, govern the conduct of all attorneys who practice before United States Bankruptcy Court for the District of New Jersey.  See D.N.J. L.Civ.R. 103.1; D.N.J. LBR 1001-1.  Mr. Basner's actions and omissions raise serious concerns regarding his compliance with the New Jersey Rules of Professional Conduct.

Mr. Basner's general unavailability and lack of communication with opposing counsel and with this court appear to violate the Rules of Professional Conduct ("RPC").  In particular, RPC 1.3 directs that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."  An attorney is required to "make reasonable efforts to expedite litigation consistent with the interests of the client and shall treat with courtesy and consideration all persons involved in the legal process."  RPC 3.2.  Mr. Basner not only failed to appear on the renewed motion to reinstate, he was essentially unreachable until the day the matter was rescheduled to be heard.  At that point, he first mentioned the loan modification in process, forcing the matter to be adjourned for an additional two weeks.  During that time, counsel was again "unreachable" by email or telephone.  On the day of the rescheduled hearing, Mr. Basner informed opposing counsel that his client no longer wanted his case reinstated, but he neglected to inform the court and he again failed to appear for the call of the calendar.  In addition, his communications with Ms. Gorchow, as described above, lacked the courtesy and consideration required

8

by the RPC. Counsel's lack of diligence and promptness in his communications with opposing counsel and this court continued through the hearing scheduled to consider Ms. Gorchow's request for attorney's fees. Mr. Basner was again "unreachable" to discuss the matter, even by this court. He failed to timely dial in for the scheduled telephone conference call, despite repeated attempts by this court, and he never satisfactorily explained his absence.

As well, it is noted that pursuant to RPC 1.1(b), "[a] lawyer shall not: . . . [e]xhibit a pattern of negligence or neglect in the lawyer's handling of legal matters generally." The RPC defines professional misconduct to include those times when a lawyer "engage[s] in conduct that is prejudicial to the administration of justice." RPC 8.4(d). Mr. Basner's actions and omissions in this matter demonstrate a pattern of negligence in his handling of the debtor's bankruptcy filing. As well, his actions reflect a lack of respect for this court. His failure to conduct himself in a professional manner unnecessarily delayed the administration of this case and added to the legal resources that were expended by both opposing counsel and this court. On this record, an award of sanctions against debtor's counsel is appropriate.

It is noted that the court's authority to impose sanctions under section 105 is not unlimited, but rather is limited to civil sanctions which are compensatory or designed to coerce compliance. As noted in <u>Fellheimer,</u>

9

<u>Eichen & Braverman, P.C. v. Charter Tech., Inc.</u>, 57 F.3d 1215, 1225 (3d Cir. 1995), notice of the precise sanctioning tool that the court intends to employ to impose a sanction upon a party or an attorney, as well as an opportunity to be heard regarding the precise sanctioning tool, must be afforded.  57 F.3d 1215, 1225 (3d Cir. 1995).  In conformance with due process requirements, Mr. Basner must be afforded an opportunity to respond to the factual allegations set forth, as well as the prospect that monetary sanctions against him are being considered under the authority of 11 U.S.C. § 105 in connection with alleged violations of RPC 1.1(b), 1.3, 3.2 and 8.4(d).  Accordingly, the matter is listed for hearing by telephone conference call on Monday, April 29, 2013 at 4:00 p.m.[4]  Mr. Basner may make a written responsive submission through April 24, 2013.

               Very truly yours,

               JUDITH H. WIZMUR
               U.S. Bankruptcy Judge

JHW:tob

---

[4] The court will provide the dial-in information.